Hitchcock, J.,
delivered the opinion of the court:
This is a case of much importance to the parties interested; and in coming to a conclusion with respect to it we have found much *246 difficulty. Its decision depends upon the construction of the statute of February 18, 1831, relating to wills (29 Ohio L. 242), in which there is no little of obscurity. It was argued at thelast term of the court, and an opinion expressed. Upon *the solicitation of counsel a rehearing was ordered, and we have again given it a careful examination.
It is a principle which can not be controverted, that the transfer of land, whether by deed or by last will and testament, must be regulated by the laws of the country where those lands are situated. With respect to personal property the rule is different. So far as it respects conveyance of lands by deed there can be no misunderstanding of our law upon the subject. A deed executed in this state, for the conveyance of land within the state, must be signed and sealed by the grantor, acknowledged in the presence of two witnesses, who shall attest the same, and acknowledged before a justice of the peace or some other proper officer. If executed in another state or country the same formalities may be pursued, or it may be executed in conformity with the law of the state or country where actually executed; and, in either event, it shall be available to pass the land intended to be conveyed. 29 Ohio L, 346. In effect, the law of the state or country where a foreign deed is executed, is adopted for the purpose of giving those deeds validity, as the law of this state. Such foreign laws, by our own legislative enactment, become parts of our law. Of course a deed executed in New York, without witnesses, for the conveyance of land in this state, would be available, because by the laws of that state no witnesses are necessary. But a deed executed in Connecticut, without witness, would be void as a conveyance here, because in Connecticut witnesses are necessary.
The policy of this law may, perhaps, be well doubted, as when foreign deeds are introduced in evidence it may be difficult to ascertain whether they had been in fact executed in conformity with the law of the state where executed, unless we presume it from the'face of the deeds themselves. Besides, its tendency is, in some measure, to create confusion and uncertainty with respect to our land titles, a consequence which ought always to be avoided. But with the policy of the law the court has nothing to do. It was introduced at an early period, and has been found in many respects convenient, and perhaps, hitherto, but few,if any evil consequences have resulted from it.
*247 It is supposed, by the counsel for the complainant, that by a fair construction of our statute of wills, the intention of the legislature is manifest that the same principle shall prevail; and that wills made in any other state or country, according to the law of such state or country, shall be equally available for the transfer of land here as in the state or country where made; and whether *such be the proper construction of the statute is one of the questions raised by the demurrer in this case, and the one which has been principally argued by counsel. The will, under which the complainant claims, was executed in Virginia, and by the laws of that state, where the instrument is reduced to writing by the testator himself, no witnesses are .necessary. This will was reduced to writing by the testator himself, and in Virginia is available, although there are no attesting witnesses. And if the same rule is to be applied to foreign wills as to foreign deeds, then this will is good and available here.
It is proper to remark that it is not contended that in the statute of wills there is any express provision that foreign wills, executed in conformity with the laws of the state where executed, shall have the same effect in this state as if executed according to our own laws, as in the case with respect to deeds. It is only by implication that it is supposed this effect can be given to them. Nor is it even contended that any original will can be admitted to probate in this state, unless executed according to our own laws.
By the act of February 18, 1831, “ relating to wills,” it is provided, in section 1, “that any person having an estate in landg, tenements, or hereditaments, or any annuity, or rent charged upon or issuing out of the same, or any goods or chattels, rights, credits, and dioses in action or in' possession, and property of every description whatever, may give or devise the same to any person, by last will and testament, by him or her lawfully executed.” In section 2, it is enacted “that every such last will and testament shall be in writing, and signed by the party making the same, or by some other person in his or her presence, and by his or her express direction ; and shall be attested and subscribed in the presence of such party by two more credible witnesses, who saw the testator or testatrix subscribe, or heard him or her acknowledge the same.” Where a will is so executed, no matter where the execution takes place, it vests in the legatee or devisee the *248 property bequeathed or devised. Nor is any difference made as to the species of property intended by the will to be transferred, whether it be real or personal. In either case it must be attested by two witnesses. The same law requires that the will so executed shall be proved in the manner therein prescribed, in the court of common pleas, in the proper county, and admitted to record; and after proof, a copy of the will, together with a certificate of probate, is made evidence.
*It is strongly urged, however, by the counsel for.the complainant that the two first sections of this act are applicable only to wills executed in this state; and they insist that the same law recognizes the validity of foreign wills if executed in conformity with the law of the state where executed. The argument to sustain this position is drawn from the phraseology of section 14 of the act. This section is in the following words: “Authenticated copies of wills, proved according to the laws of any state or territory of the United States, relative to any property within this state, may be admitted to record by the court aforesaid, in the county where such property shall be, and such authenticated copies shall be good and valid in law, in like manner as wills made in this state are declared to be.” 29 Ohio L. 245.
I admit that there is some difficulty in giving to this section, taken in connection with the other parts of the act, a construction which is entirely satisfactory. But it seems to me clearly that it was not the intention to adopt the laws of other states and territories as the law of this state, so far as respects wills made in those states or territories disposing of property in this state ; and, I apprehend, that no one would have come to this conclusion but for the provision already referred to in the act regulating the manner of executing deeds, etc. If such were the law, then, the original will itself might be produced, approved, and admitted to record, in the court of common pleas, upon proof that it was executed according to the law of the state or territory where executed. Otherwise we fall into the absurdity that a certified copy of an instrument is more valid than the instrument itself; that an instrument, void in its face for the purposes for which it was intended, becomes valid and effectual for those purposes by being first recorded in the state where executed.
Suppose the will of Thomas M. Bailey had been produced in the court of common pleas of Franklin county, and at the same time *249 the law of Virginia showing that in that state a will without witnesses was good and valid; if reduced to writing by the testator himself, would that court, have admitted it to probate? I think there can be but one answer to this question, and that in the negative. The law under which that court, and every other in Ohio, acts, says: “ That every such last will and testament shall be in writing, and shall be attested and subscribed in the presence of such party” (the party making the will) “ by two or more credible witnesses ;” and further declares that the will shall be- proved in court by the same witnesses,unless under ^peculiar eircumstances. This provision is general, and contains no other restriction than that the property devised or bequeathed shall be in the State of Ohio. An instrument .of writing, then, although intended as a will, can not operate as such unless attested by two subscribing witnesses.
Reference has been had, in argument, to the statute of wills of January 5, 1805. 1 Chase’s Stat. 492. Section 2, of this act, provides, “that all wills and’codicils (other than such as are annulled, or revoked), legally executed arid proven out of this state, whether in the United States or elsewhere, being transferred here, and accompanied with the certificate of the proper officer or officers, that said will, or codicil, was executed and proved agreeably to the laws and usages in that state, or country, in which the same was executed and proved, and duly authenticated, shall be recorded as aforesaid, and be good and availiable in law, in like manner as wills in this state are declared to be.” There could be no doubt, that the intention of this provision of law, was to place foreign wills, executed in conformity with foreign laws, upon the same footing with domestic wills executed within the state. In truth, section 1 of the act, which prescribes the manner in which wills shall be executed, seems to be confined to wills executed in the state. It provides,that wills and codicils, in writing, within this state, by which any lands, tenements, hereditaments, goods or chattels, are devised,” etc., shall be executed in the manner in that section prescribed. Section 2 then, provides for foreign wills, in the language already quoted. These wills, if “ executed and proved agreeably to the laws and usages of that state, or country, in which the same were executed and proved,” are declared “ to be good and available in law, in like manner as wills in this stato are declared to be.” The evidence that they are thus “ executed *250 and proved,” is to be- contained in a “certificate of the proper officer or officers.”
This act, however, was repealed by another upon the same subject, passed February 18, 1808 ; 1 Chase’s Stat. 571, and in this latter act, the clause giving effect to wills, “ executed and proved ” according to the laws of states where such wills are executed, is omitted, and a section introduced substantially the same with section 14 of our present statute of wills. In truth, the act of February 18, 1808, and our present statute, are substantially the same as to the formality with which wills shall be executed, and as to the mode of proof.
^Section 14 of the act of February 18, 1831, has already been quoted, but I repeat the quotation, “ authenticated copies of wills, proved according to the laws of any state' or territory within the United States, relative to any property within this state, may be admitted to record by the court aforesaid, in the county where such property shall be, and such authenticated copies shall be good and valid in law, in like manner as wills made in this state are declared to be.” It is the last clause of the section which is relied upon by the counsel for the complainant, as favoring the Construction they contend for; but, it seems to me, that full effect can be given to this clause without adopting that construction. But in order to arrive at the true meaning of this section, it is necessary to look at it in the connection in which it stands. The two first sections of the act, pointing out the description of property which may be bequeathed or devised, and the manner in which it may be done, have been already quoted. FI ext follows several sections, to which it is not necessary to refer, and then the manner of probate is pointed out. Section 8 provides, that after probate, a copy .certified in the manner prescribed, “shall be as effectual, in all cases, as the original will would be if produced and proven.” Proof having been once made before a judicial tribunal, so long as the order of approval made by that tribunal remains in force, it shall not be necessary again to make proof.
Section 13 enacts, “ that if the real estate so devised, as aforesaid, be in several counties, then such will shall be proved in manner aforesaid, in one of such counties, and a certificate of such probate shall be indorsed upon it, with the seal of the court thereunto affixed; which will, with such certificate, shall be admitttd eo *251 record in every county in which such, lands are situated, and shall have the same validity therein, as if probate had been had thereof in each of such counties.” This section, although it requires for the security of all interested, that wills shall be recorded in each and every county where there is property to be effected by them, still proof is dispensed with, except in one of those counties. Then follows section 14. Now what was the leading motive for the adoption of this section? Uundoubtedly the same that induced the adoption of the 8th and 13th. The instrument having been once proved before a competent tribunal, although foreign, such faith and credit shall be given to the acts of that tribunal, that its certificate of authentication may be held as equivalent to proof by witnesses before the proper ^tribunal in this state. But is the nature of the instrument changed? “Authenticated copies of wills.” What is a will? In Ohio, it is an instrument “in writing, signed by the party making the same, or by some other person in his or her presence, and by his or her express direction, attested and subscribed by two or more credible witnesses,” and by which the party executing the same, makes a disposition of his or her property, to take effect after his or her death ; and in the whole statute is no o’ther will spoken of, except such as are nuncupative, unless it be.in this section. “Authenticated copies of wills” so executed, “ may be admitted to record” without producing the original itself, or the attesting witnesses; and when admitted to record, such copies “ shall be good and valid in law, in like manner as wills made in this state are declared to be.” But it by no means follows that an authenticated copy of an instrument, signed by the party, but not attested by witnesses, “ may be admitted to record” in this state, because such an instrument is a will where “executed and proved.” Under the act of 1805, a will “ executed and proved” according to the laws of the state or country where executed, would be equally available with a will executed according to the laws of this state. But under the law of 1831, it is otherwise; and, in the opinion of the court, the copy of Bailey’s will was improperly adnlitted to record; because, although the instrument might be, and in fact was, a will in Virginia, it is not a will in Ohio.
It remains to inquire into the effect of admitting the copy to record. I apprehend there can be but one opinion upon this point. The effect is thó same as if the instrument itself had been origi *252 nally introduced in the court of common pleas of Franklin county, there proved and admitted to record. What, then, is the effect given to the probate of a will by the statute of Ohio ? ■
A full consideration of our several statutes upon the subject of wills, enacted at different periods since the organization of the state government, has led this court to the conclusion that no person can effectually claim title under a will, until the same shall first have been proved and admitted to record. It has been so decided at the present term of the court, in the case of the Lessee of Swazey’s Heirs v. Blackman. The same principle was held with respect to foreign wills, in the case Willson’s Executors and Abraham v. Benjamin Tappan; 6 Ohio, 172. And this may be considered as a settled rule of law.
*It being supposed, however, that wills might, in some instances, be improperly or unadvisedly approved and admitted to record, provision has been made for the manner in which, after having been admitted to record, they may be contested. The principle was first introduced in the act of February 18, 1808, “ for the proving and recording of wills and codicils,” section 9 of which act is as follows : “ That if any person interested, shall within two years afterward,” that is, two years after probate, “appear, and by his bill in chancery, contest the validity of the will, an issue shall be made up whether the writing produced, be the will of the testator or not, which shall be tried by a jury, whose verdict shall be final between the parties, saving to the court the power of granting a new trial for good cause, as in other trials, but if no person appear in that time, the probate shall be forever binding, saving also to •infants, married women, and persons absent from the state, or of insane mind, or in captivity, the like period after the removing of their respective disabilities.” 1 Chase’s Scat. 571. The same provision, in the identical words, has been continued in aji the subsequent statutes upon the same subject, down to the present period, with this addition, that the right of appeal has since been given to either party feeling aggrieved by the decision upon the contest, and is contained in sections 20 and 22 of the act nowin force. 29 Ohio L. 246. As the law is settled, that a will is not available to pass property until proved; and as the legislature have declared that “ the probate shall remain forever binding,” unless contested in the manner prescribed, it would seem to follow that so long as the probate remains unimpeached, ,*ny instrument re *253 corded by order of the probate court, purporting to be a will, must be held to be available for the purposes intended to bo effected by such instrument. And such we believe to be the proper construction to be put upon our local legislation upon- the subject. This principle which is fairly deducible from our statute, is believed to be one which will be found beneficial in its results, as it will save controversies respecting wills, after the same shall have been many years proved and recorded. It will, in fact, tend to the security of titles held by devise, and can rarely, if ever, operate any essential injury.
Melvin and wife do not, in pursuance of the statute, contest the validity of the will under which the complainant claims. This they may do, if they can bring themselves within the saving *clause of the statute, and upon such contest the question will arise, which has been so fully and ably argued by counsel, whether a will executed in a foreign state, according to the laws of that state, but not in conformity with the laws of this, is available for the transfer of property in this state. They are now attempting to impeach the validity of this will, the probate remaining in full force. They are attempting to do that indirectly, which the statute provides shall be done directly. In the opinion of the court, this can not be done consistently with the law under which we act, and by which our decision must be governed. There can be no more propriety in sustaining their defense in this case, than there would be if it was based upon the ground that the testator was of unsound mind and memory.
It may be said, however, that inasmuch as the fact appears upon the face of the bill of complaint, that this will was not executed in conformity with our law, therefore, the court may with propriety treat it as no will. Such in the first instance was the opinion of the court. But upon further reflection we have arrived at a different conclusion. The act of approval and ordering to record, by the court of common pleas, is a judicial act. And as the legislature have declared the effect of that act, unless the same shall be impeached within a specified time, and in the prescribed form, we entertain the opinion that it can not be impeached after that time, nor in any other form. A deed informally executed, can not operate as a conveyance, although recorded. The recording is not necessary to the validity of a deed, and it is a mere ministerial act. But the probate of a will is necessary to give it full effect *254 It is a judicial proceeding, and must be set aside in the manner provided. Unless so set aside, it “ shall be forever binding.”
■ The demurrer is overruled, and the complainant may take a decree.