By the Court,
GRIMKE, Judge.
The questions arising in this case are : 1. Is the deed from F. L. Henop to Hall, a valid conveyance of the land ? and 2. Is the title derived through the will of Mary Henop, ■superior to that of the purchaser at sheriff’s sale, the will not having been recorded in Ohio until 1838 ?
With regard to the first point, it has been argued, that inasmuch as the deed from F. L. Henop is a deed of release, which presupposes the possession of the releasee, it was intrinsically ineffectual to transfer the title; and this is true, if that mode of conveyance is governed ■*by the same rules which are applied to it in England. There, in order to give effect to the deed of release, it is first necessary to execute a lease, (or bargain and sale for a year,) which by force of the ■statute of uses puts the lessee or bargainee in possession, and being thus in possession, although by a mere fiction, the release operating by way of enlargement of the estate, is effectual to transfer the entire title. So artificial a machinery for the purpose of effecting an object ■so very simple, we have always considered unnecessary in this state. The release is regarded here as a substantive mode of conveyance, and equally with the deed of quit claim, is adopted where it is intended to •convey the land without warranting the title. But even if the deed in this instance, could not operate as a release, it might have such construction put upon it, that it should operate in some other way. Thus a deed intended as a bargain and sale has been construed to be a ■covenant to stand seized to uses, and a covenant to stand seized has been construed to be a bargain and sale.
*96 But it is argued, in the second place, that a conveyance to the plaintiffs, while the defendant was in the adverse possession of the land, was-a void act, and that no title could he derived under, the deed. But we have no statute against champerty in Ohio. All the English statutes have grown out of peculiar exigences, which are almost entirely foreign to our condition and habits. Sometimes they were passed at the close of a signal revolution, when the property of the kingdom-having, to a great extent, changed hands, it became the interest of those-who succeeded to power, to place every possible obstacle in the way of the former proprietors’ recovering possession. After the introduction of uses, buying what were called pretended^ rights and titles became, very common, and this gave rise to one of the last statutes on the subject, that of the 32d H. 8, which prohibited the practice under the penalty of forfeiting the whole value of the land. Both of these-classes of laws were adapted to a state of society very different from what prevails here. So far from opposing obstacles to the transmission of land, we have endeavored to render it as free as possible. The-simple prohibition of selling land, where the vendor has not a title to it, 29 O. L. 142, has set bounds to the only real inconvenience and mischief which has sprung from the practice of champerty.
The remaining question is more difficult than the two preceding ones ; but it will admit of but one answer. We have no law, which properly speaking, requires the registry of wills. The probate and' the order admitting the will to record, are judicial acts, and are neither-*of them intended to give notice to persons who may claim title adverse to the will. In England, the registration of wills is required whenever they happen to affect personal estate, but never if they relate to real property only. The reason of this is, that it is, impossible to fix an express period for registering them, in consequence of" the absence, legal incapacity, or future interest of the devisee. The. most that has been attempted to be done, is to declare that a registry should be made before any action should be brought by the devisee. No-one supposes that in the case of a will made in Ohio, the title of the devisee takes its inception in any case from the period that the will is recorded : but.it is argued that such must be the case of a foreign will. The difficulty, however, which exists in creating a registry of domestic-wills, is even increased in the case of foreign ones, and no good reason can be assigned why, at any rate, the same rule in this respect should-not be applied- to both. The law requires the probate and record of a domestic will,. 8 Ohio, 18, but the record of the foreign will is not in *97 tended to give publicity to the proof of it. nor to give, notice of the title acquired under it. It is to permit a certified copy to be given in evidence, when it would be difficult or impossible to produce the original. In England, a will on a trial concerning real property devised by it is required to be proved precisely like a deed. The probate there has no relation to the realty, but only to the personal estate. In Ohio, it has relation to both, and the record which is consequent upon the probate, and which is very different from a registry in England, or of deeds, enables a copy to be given in evidence whenever a controversy arises concerning the property devised. • It is evident that it is impossible to carry the provisions of the law any farther. A deed is committed to the custody of the grantee, who may record it whenever he chooses ; but a will is placed in the hands of the executor, who may have no interest, or at any rate a very remote one, in the real property devised. This alone renders it absolutely impracticable to establish a registry of wills similar to one of deeds.
On the whole, we are of opinion that the deed to the plaintiffs, notwithstanding its form, and although the defendants were at the time in possession of the land, was effectual to transfer the title, and that this admission of the will to record was not necessary to perfect the title of the devisee ; that his title commenced at the death of the devisor, and avoids the title under which the defendants claim.
Judgment for plaintiffs.