Hitchcock, J.
The several facts of this case, as exhibited in the bill of exceptions, are, that William B. Lupton, in the year 1815, died seized of the premises in controversy.. On the 20th of September, in the year 1832, Elisha F. Lupton, Cyrus C. Lupton, and William H. Lupton, all of Baltimore, in the State of Maryland, and heirs<of said William B. Lupton, conveyed the same land to Peter Kline, of Trumbull county, by deed duly executed. The plaintiff in error claimed title under conveyances from Kline. At the time of the conveyance to Kline by the Luptons, Cyrus C. and William H. were infants, within the age of twenty-one years.
The defendant in error claimed title under a deed executed to his lessee, by Cyrus C. and William H. Lupton, on the 15th of April, 1843, conveying to him théir interest in the premises. He also gave evidence as to the consideration paid by Kline, and conducing to prove that payment was made to the brother, who was of full age; and further, that his grantors were citizens and residents of the State of Maryland.
In order to ascertain whether the Court of Common Pleas committéd any error in the charge complained of, it will be necessary to examine particularly what that Court was requested to charge, and what they did actually charge.
First: The Court was requested to chargé, “ that if a per-c son under the age of twenty-one years, but above the age of ‘ discretion, and apparently twenty-one years of age, represent? ‘ himself to be of that age, and thereby induces another per- £ son to purchase land from him, take a conveyance, and pay £ the purchase money, or part of it, the party making such 1 representations is estopped from claiming back such land and 1 proving that he was not of age, if the purchaser, believing 1 such statement, acted upon it, paid the purchase money ac- £ cordingly, and has in his conduct been perfectly fair in the ‘ transaction; which instruction the Court refused to give, but £ charged that such was not the law.”
It will be seen from an examination of the bill of exceptions, that no evidence had been given to the jury conducing to prove *190 that the two younger. Luptons, or either of them, had, at the time °f ^ conveyance to Kline,-represented themselves as being of’ full ■ age, thereby inducing- him to purchase the land, nor that he acted upon , any such belief. This, then, was. a mere abstract .proposition, entirely out of the case.; and if the Court were mistaken upon the point of law, it would make no difference in the result. Under such circumstances, we never interfere with the judgment of'an inferior court'. We would not be understood as .saying 'that fjere was any mistake; .but if there was, it was in a matter upon which the plaintiff had no right to<ask the instruction of the Court.
Second: The Court were next asked to charge -the jury, “ that the purchase by Welch, and receiving á deéd from per-c sons out of possession, of lands in the actual adverse posses- £ sion of persons claiming title, ■ is an act of champerty and £ maintenance, illegal and void.” . ■ .
This'instruction the Court refused, and charged that such was not the law. ' ' . '
The question here presented; is not one 'which now comes before the Court for- the first time'. . It is well-known that, in' England, a sale and convéyance of land -by a person' out of possession of land, the same lands at the time being in the possession of another, claiming title, would be void, as being against the policy of the law. Whether this is a principle of the common law, or whether it is based upon some statute, is a question which has been much controverted. But this is a matter of little consequence,'so long as such is the.law. In many, probably in most of the States of this Union, the same principle prevails; but in ]this State the decisions have, from the earliest period of our judicial history, been different, and , such sales and conveyances have been held to be-valid. This identical question was before this Court in the case of Hall et al. v. Ashley et al., 9 Ohio Rep. 96; -and the title acquired under such circumstances was held to be good. The case referred to is the first brought before the Court in Bank, in which this question was. agitated, and the decision was merely in affirm *191 aneé of what, was understood to be-the rulé of Jaw, as.estqblished by frequent determinations on’the circuit.’. Now, I have no hesitation in saying, that, in my opinion, the rulé contended for'by plaintiff’s counsel vvould be beneficial; and highly conducive to the public interest. It would prevent‘the practice of ■ purchasing doubtful .titles. It might interfere with the interest of .ke’eyr-sighted speculators-,.who make ■ it. a business to .hunt úp and-purchase' in ¡such titles,, but it- could'do no injury to the honest man. -But although such'is my opinidn, still, acting in' . a judicial capacity, I cannot consent to change the rulé. S.uóh'. 'change would interfere with ja multitude of land.titles.hereto* ■ fore acquired* and .acquired 'toó with' a knowledge of the law, ■'as: expounded, by the. CoUrt. . But there- is. a -body which-crin ' apply-.'a'remedy which shall operate hereafterjthát'-body.is the - .General'Assembly.-'. And',- to. me'; it is Vmatter of surprise,: that •we -have .not an -act upon -¿pr státute. books -'declaring- void -gales • madeiunder the -circumstáncés-referred to', by .-bourisél .in.', their ••secondtre.quest to the Cdurt;.'.-'But-'until’some,'statute ,of the ■ kind;.'i^. enacted,'-we] féel 'ó.ú.rselvesibó,ünd--by .the law' as heretofore 'settled. ■, . •,'-.N . ■. . ■, .
■ .Third.-and’fourth ■fp.lB'he.. third add. fourth' ¡instrúctionéj requested'of: the'Court.V.ef$-.in substance, that the éxeC.útxón.by .-■ Cyrus;C, Luptón arid';Will-iaffi’1 H. Lúptonpof Ithe.idee.d'to'.tlredeféndant -.in .error;-did. nót;-ont,heif. párt,.áni'duiit to d.’dijsaf.firmance of the former-deed to. Kline, by them éxecuted while infants.' This. the Court.' refused Jto do; and held ■ that such' was not the laW. 'J
■ 1 Much, has been said .in the books with respect tó thé deeds-of infants'conveying land,-whether they were-void-or-merely voidable. . The better opinion, as'we believe, is, that-théy are merely voidable; - and it was so held in the cáse of Drake and wife v. Ramsey et al., 5 Ohio ifep. .251. . Such being the -Jaw, .the deed of an infant will hold good until sóme' act ,h,as been done'by him -to-, avoid 'it, although there has-been no express act off affirmance, after his arrival at full age.' But-what the. act of disaffirmance shall befis a matter of more, doubt. *192 If it be one of equal solemnity with the original act of conveyanee, it would seem tó be sufficient. Thus, in England, if a feoffment be made by an infant, he can only avoid it by entry. He must be in possession in order to make the feoffment, for that is not done without livery of seizin. He must then again enter to avoid the feoffment; and perhaps this alone would not be sufficient. But in this country, and especially in this State, this mode of conveyance is not adopted.' Lands here are conveyed by deed of bargain and sale, and deeds of other descriptions. Livery of seizin is not known in practice, and is entirely unnecessary.
In the case of Drake and wife v. Ramsey et al., before referred to, the Judge, in delivering the opinion of the Court, says: “ Some of the books apparently suppose that the act of ‘ avoidance must be of equal solemnity with the act of grant ; ‘ but I cannot find it to be expressly decided, except in cases ‘ of feoffments, where a peculiar feudal principle renders it * necessary. We believe that an entry, suit, or action, a sub- ‘ sequent conveyance, an effort to restore the parties to their ‘ original condition, or any act unequivocally manifesting the ‘ intention, would render the evidence effectual,” &c. It is said, however, that this question did not properly .arise in that case, and, therefore, that this dictum of the Court cannot be relied upon as authority. It was the deliberate opinion of the Court, in a case where one of the principle quéstions was, what act would amount to the avoidance or disaffirmance of a deed executed by an infant. True, the act relied upon in that case, and which was held to be sufficient, was the commencement of an action of ejectment. That a subsequent conveyance would amount to a disaffirmance, has ■ been decided in the Supreme Court of New York and of the United States; 11 John. Rep. 541; 14 John. Rep. 128; 10 Peter’s Rep. 59. In fact, I cannot well conceive what would be a more decisive act of disaffirmance than the conveyance of the same land to another person. It would be conclusive evidence, that the person making such conveyance did not intend to be bound by his deed made in infancy.
*193 Fifth: The Court was next requested to charge the jury, “ that lapse of time less than twenty-one years, after the minor ‘ comes of age, may furnish evidence of acquiescence, and con- £ firm the title.” In response to which request, the Court charged, that the lapse of time less than twenty-one years was not of itself evidence of acquiescence, but might be evidence of such acquiescence in connection with other facts and circumstances.
In this particular, I understand the Court to háve stated, in substance, that lapse of time alone would not amount to .an affirmance, on the part of the grantor of the deed executed in infancy, unless that lapse of time amounted to twenty-one years. Such was the opinion of this Court, as expressed in the case of Drake and wife v. Ramsey. But in that case, as in this, the Court held, that the lapse of a less period of time, taken in connection with other circumstances, might amount to a confirmation. The idea might have been conveyed in different language, but I do not see wherein the Court violated any principle of law in this particular.
Sixth: The next request made to the Court, was, to charge, “ that the right to disaffirm a deed made during minority, may be £ extinguished by any act done under a knowledge of his right, £ which demonstrates a willingness to be bound by the con-c tract] or, by continuing after acquiring such knowledge, to £ enjoy any benefit, profit, or privilege, under ' the contract, £ after they attained full age.” The Court admitted such to be the law, but added, “that retention of the'purchase money in £ this case, was not, of itself, an act demonstrating a willingness £ to be bound by the contract] and that a minor was not bound £ to return the purchase money before disaffirming his deed £ made during minority.”
It can hardly be supposed that any one will seriously contend, that an infant who has conveyed land during infancy, cannot disaffirm his contract before returning the money which he has received upon that contract; nor that the retention of the money is demonstrative evidence of a willingness to be *194 bound by the contract. If I am correct in this, then it follows that there was nothing erroneous in the opinion expressed, in itself considered. It was not a violation of law. Whether it was proper, under the circumstances, to make the statement, is another question; and in order to solve this, it is necessary to look to the bill of exceptions. From that, it appears that the infants had not “received any benefit, profit, or privilege,” from the contract, neither before or after they arrived at full age, except the purchase money, and it is left doubtful whether they have even received that much. The Court were pressed to say, that the grantor of a deed made during infancy, by continuing after acquiring a knowledge of his rights, “ to enjoy any benefit, profit, or privilege, under tho contract,” after arriving at full age, would confirm the deed ; and this, too, in a case where the facts showed that the only “ benefit, profit, or privilege,” was the retention of the purchase money. The Court admitted the correctness of the general proposition, qualifying it, however, by saying, in -substance, that the retention of the purchase money was not such a “ benefit, profit, or privilege,” as would be equivalent to a confirmation of the contract; or, in other words, that it is not necessary that a person who has conveyed his land by deed during infancy, should, as a condition precedent, refund the purchase money before he disaffirms his contract of conveyance. I do not perceive that there is any thing wrong in this.
Seventh: ’ Counsel for plaintiff in error next requested the Court to charge the jury, “ that the silence of the party after £ coming of ‘age, might be evidence of acquiescence and con-c firmation, although for a less period than twenty-one years £ after coming of age.”
This is but a reiteration, in substance, of the request which had been before made, and which is noted on the bill of exceptions as being the fifth. The. words are not identical, but there is no difference in substance.
The Court also responded as before, stating, “ that silence for c a less period than twenty-one years, Was not, in itself, unless c connected with other facts and circumstances,- evidence of *195 ‘ assent to, or confirmation of, a deed made during minority.”
As to these three last points, I do not see that there was any thing substantially wrong. The ideas might have been veyed in different language, and, possibly, in language more appropriate. The whole substance and effect of it is this, that where an infant conveys land by deed, although the contract is voidable, and must be disaffirmed after he arrives at full age, yet, that he has • the length of time allowed by' the statute of limitations, within which to disaffirm. But if, in the meantime he has done other acts which show a manifest intention to confirm the deed so executed, those' jacts, taken in.connection with the lapse of time, although that, be less than twenty-one years, will amount to a confirmation. It was so held by this Court in the case of Drake and wife v. Ramsey, and so held in the cases cited from Johnson’s Reports.
The only other matter ruled by the Court upon one of these three last points, was, that an individual who would disaffirm a conveyance made by him during infancy, need not, as a condition precedent to the disaffirmance, refund, or offer to refund, the purchase money. ■ These are not the words, , but it is the substance and effect of the ruling.
Upon the whole, we see nothing erroneous in the charge of the Court complained of, and the judgment is affirmed.

Judgment Affirmed.