Birchard, J.
Preliminary to the consideration of any of the many questions'which have been so fully litigated in this case,..'we are called upon to determine whether, in Ohio, a Court of' Chancery ha? jurisdiction in matters of probate, and may entertain a bill, the sole object of which is to establish and prove a lost or spoliated last will and testament. For it is manifest, -that, if no such power exists, it ’is not required and' would be improper to pass upon any; of the facts mooted, in this controversy. The sole ■ object of the bill, is tó establish such lost of spoliated will. Upon this question of .jurisdiction, we necessarily have to recur t'o the original source- 'Of all oür pow(er — the constitution of the Staté. Article 3, section 1, vests, the judipial power of the State,£< both as- to matters of law and Equity,” ££ in- a Supreme Court, in Courts of:Common Plea's for £ each county, in justices of' the peace, and insuch other courts £ ,as the Legisláture niay, from- time to time, establish.” -By section 2, the Supreme Court “ has original and appellate jurisdic- ‘ tion, - both in common law' and chancery, in such cases as £ shall be directed by law.” .By. the 3d section, the. Courts of Common Pleas, within their respective counties) £<i have common £ law and chancery jurisdiction in all-cáses directed by law.” Section' 5, is' in these words ¡ ££ The Court of Common Pleas, £ in each county, shall have jurisdiction of all probate and tes- £ tamentary' matters, granting .administration, the appointment '£ of guardians, and'such other cases as shall be prescribed by * law;”' , ' ,,,
' From one-or the other of these several sections, the authority to entertain, this bill must be deduced, if not contained there, or. if the spirit of these sections and, the legitimate legis *363 lation consistent with them have not conferred it, we shall be forced to say, it does not exist.
That the fifth section authorizes a chancery proceeding in a case like this, is a position that cannot be maintained. Its terms confer jurisdiction of all probate and testamentary matters upon the Common Pleas Courts, and not a word is contained in the instrument in conflict with this general grant of power. “ Expressio unius est exclusio alterius,” is a maxim clearly applicable to this section, so far as matters purely of á probate and testamentary character are concerned. The express grant of power forbids, by inference, an implied one in connection therewith. The jurisdiction is, therefore, exclusive, as to all matters merely probate in their nature. This opinion is not new in this Court. In pronouncing the decision in Hunter’s case, 6 Ohio Rep. 501., Wright, J., commenting upon these articles of the constitution, observes, that they indicate “ a determination to keep the ecclesiastical, common law and £ chancery jurisdictions as separate and distinct as our judicial £ system will permit;” and, again, that the probate of a will ££ belongs neither to the common law nor equity jurisdiction £ conferred upon the Court of Common Pleas, but appertains £ to the ecclesiastical jurisdiction of the English courts, which £ is specially conferred upon our courts of common pleas as £ courts of probate.”
Again, in 8 Ohio Rep. 19, this language is held: “By our £ law, a particular tribunal is appointed to receive probate' of a £ will. It does not signify, that it is not by name a Court of £ Probate — that it is the Court of Common Pleas, with a pro- £ bate side to it. The same court has jurisdiction of both £ chancery and common law controversies, and yet this mixture £ of powers would not avail, as an argument to prove that its £ equity jurisdiction was different in kind from that of courts of £ chancery in England.”
Consistent with these remarks, and the 3d article of the constitution, is the “ act to organize the judicial courts.” Sec. 4. “ The Court of Common Pleas shall have power to examine *364 ‘ and taka the proof of -wills; grant letters testamentary thereon, ‘ an<^ to ^ear an<^ determine • all causes of probate. and c testamentary,nature.”’ All the chancery powers of that-court are granted in othér words.
■ The act relating to wills, still keeps.' up and sustains the same separation' of jurisdictions. The probate is of the original jurisdiction ;of that court, and so recognized by the'act iii which the proof is prescribed, the modeof proceeding, and'the effeet of the record.. And in Swan’s Stat/sec. 33, p-996, it is de'dared, that “ no will shall be effectual to pass real or personal estate, unless it shall have .been duly admitted to probate/’; &c., as provided,' by .the act. ' The. act-’ makes no mention of- any method of - establishing a will by. a'chancery-proceeding. The probate is treated as- a; judicial act at law, binding- upon all par-tie's,.and-final and-conclusive upon all parties. There is no ..appeal from the decision, no writ of error or bill of review; no way- of vacating it, exeept the peculiar one-provided by our statute. 9 Ohio Rep. 96; 8 Ohio Rep. 239.
■ .To test the propriety of encroaching, .in any 'manner, upon a jurisdiction so peculiar, and which,'from its-nature,:ought to be exclusive, let us '.anticipate some1 of the difficulties that- might flow from entertaining.this bill. . [
1.'- A decree in chancery is nbt the probate- of a will. Hence, a decree establishing a. will cannot operate to give it vitality and- is utterly powerless, -or else the 33d section of the statute relating to wills .must be taken and held, pro tanto, re-. pealed by', the decree, ' The decree- and the statute would speak 'different language on the’-same subject. One would' say,' the will-of 'MorningjStar. is effectual to pass-real and personal property, without. admission to' probate; as the .act provides; the other, that'it-is of no effect. ’ .The conflict is irreconcilable, and the weaker .in the' contest, must -give' way.
Again; — what would-be the effect, if, after rendering a decree either for oi-against the-validity of the supposed lost-'wifi, a real and different-will should be produced ?. Is the-litigation ' , a bar to its probate-? Does it oust the Courtof Common -Pleas *365 <of jurisdiction ? Might not the will' then be'called for, be produced-, be proved and admitted of record, and would it not be effectual to vest titles according to‘the devises, and bequests of the testator? We think it would,-'because''the chancery proceeding would be regarded wholly coram non ■ judice and void, and because the statute would enforce -its ■ production, and is express as to the effect of' the.-pr.obate.
But.it is urged, that the. spoliation of the supposed will, with intent tp destroy the alledged d'evises to complainants-, affords grounds of equity jurisdiction — that the power to establish -spoliated, suppressed'.and-destroyed vyills-wás one of .the powers known to courts of chanc.ery at. the adoption'of. our constitution, and sundry authorities are cited, to sustain the position, ■A word .as to these; • ' ‘ , . .
■ 1st. The .New York-cases, by .inference, at least, if not directly, make-against the complainant.-''See. 63' of their statute’ (Revised code, voi. 5, p. 66, j confers ;upon the court of chancery the same power to take the proof of, the. execution .and va- • lidity of a lost or-destroyed'will 'arid- to .establish the same, as in the case of lost deeds; and the constitution of the Slate of New York contained nothing -in' conflict'with-the.'act.' "The-".. grant of the power,, however*,, shows that the' jurisdiction was not, then understood as being inherent hi the chancery courts, otherwise we should'have seen' no such specific grant of'juris-' ' •diction. '• .. ' y, '.•■•
All the other cases cited are commented; upon, in the case of Gaines et ux. v. Chew, et al., 2 Howard’s U. S. Rep. 647. Those authorities, carefully.examined,-will show that-:a Court of Chancery has no inherent-poweiy either in England-or America, to establish a lost will. It is 'true; that' the U,: S. Supreme Court did not, professedly, decide ■ the point; ' - They however did decide, that a will must be proved before' a title could be set up, under it, and that, by the general law, a: Court of Probate , must take the -proof, (.page 646;) 'and á. disco'yery was;, ordered--'in."that Case,' ás -it would-s.eem, ‘for no other, purpose thaa.jtp aid th'fe'appropriate, probate tribunal' in establishing the *366 lost will. If we have correctly comprehended the subject, there is no ground to sustain this bill. It is not framed for the purpose of a discovery, in aid of a probate court. Its only basis of relief is under a supposed title, which cannot be made manifest in this Court without showing the will itself, duly admitted to probate, which it seeks to have established, and which cannot here ■ be established; and, should it ever become a matter of probate, there will then be no cause for sustaining the bill, inasmuch as the remedy at law in that event will be plain and adequate.
Again, it is further said, that the remedy must be in chancery, because the statute has pointed out no mode of proving a spoliated will; and we are asked, if there can be so great a wrong as the destruction of a paper divesting another of title,, and vesting it in the fraudulent spoliator, without a remedy ? In general, it may be said, that there is no wrong' without a remedy; and were we to say that this case' was not without a remedy, it would not follow that this is that remedy. It may be that the Court of Common Pleas, by the grant of power in the third article, section 5, of the constitution, is clothed with, general pbwers adequate to give the appropriate relief; if not, the Legislature can clothe those courts with ample power. It is sufficient for us to say that, in either event, this Court will not have appellate jurisdiction, as from a Court of Probate, to revise their decision. Nor till after the will shall have been proved, approved and admitted to record, can this Court act in any manner touching or concerning its validity, and then only in the manner prescribed by statute. That mode of proceeding will not -have-for its object, to establish the will, but to determine whether it may, or may not, have been improperly established by a competent Court.
As the- question' should have boon presented by demurrer to the bill, the expense incurred by respondents has been made in their own wrong.

Bill Dismissed.

Each party to pay their own casts.